UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH P.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:20-cv-05624-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is reversed and remanded for further proceedings.

## I.    ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ provide clear and convincing reasons for discounting Plaintiff's testimony?
3. Did the ALJ err in finding that Plaintiff could perform his past work at step four of the sequential evaluation?

1

## II.   BACKGROUND

2

Plaintiff filed applications for DIB and SSI on June 15, 2017, alleging in both

3

applications a disability onset date of March 28, 2017. AR 92, 444-50, 451-55. Plaintiff's

4

applications were denied initially and upon reconsideration. AR 92, 356-59, 360-62,

5

363-65. ALJ Rebecca Jones held hearings on October 12, 2018 and March 12, 2019.

6

AR 210-16, 218-83. On June 5, 2019, ALJ Jones issued a decision finding that Plaintiff

7

was not disabled. AR 89-109. On May 4, 2020, the Social Security Appeals Council

8

denied Plaintiff's request for review. AR 1-7.

9

Plaintiff seeks judicial review of ALJ Jones' June 5, 2019 decision. Dkt. 4.

10

## III.   STANDARD OF REVIEW

11

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

12

denial of Social Security benefits if the ALJ's findings are based on legal error or not

13

supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

14

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

15

reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

16

*Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

17

## IV.   DISCUSSION

18

In this case, the ALJ found that Plaintiff had the severe impairments of lumbar

19

degenerative disc disease, status post-fusion, bilateral plantar fasciitis, and major

20

depressive disorder. AR 95. The ALJ also found that Plaintiff had the non-severe

21

impairments of hypertension, obesity, mild cervical degenerative disc disease, and

22

toenail fungus. *Id.* Based on the limitations stemming from Plaintiff's impairments, the

23

ALJ found that Plaintiff could perform a reduced range of light work. AR 98.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1    Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could

2    perform his past relevant work; therefore the ALJ determined at step four of the

3    sequential evaluation that Plaintiff was not disabled. AR 107-09, 271-74.

4    A.  Whether the ALJ erred in evaluating the medical opinion evidence

5    Plaintiff contends that the ALJ erred in evaluating the opinions of Barbara Lazio,

6    M.D., Peter Weiss, Ph.D., and James Parker, M.D. Dkt. 23, pp. 7-13.

7    Under current Ninth Circuit precedent, an ALJ must provide "clear and

8    convincing" reasons to reject the uncontradicted opinions of an examining doctor, and

9    "specific and legitimate" reasons to reject the contradicted opinions of an examining

10   doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).

11   The Social Security Administration changed the regulations applicable to

12   evaluation of medical opinions, eliminating a hierarchy among medical opinions, but still

13   requiring ALJs to explain their reasoning and specifically address how they considered

14   the supportability and consistency of each opinion. *See* 20 C.F.R. §§ 404.1520c,

15   416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed.

16   Reg. 5844-01 (Jan. 18, 2017).

17   Regardless of the change to the regulations, an ALJ's reasoning must be

18   supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d

19   1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th

20   Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

21   Under 20 C.F.R. § 404.1520c(a), (b)(1)-(2), the ALJ is required to explain

22   whether the medical opinion or finding is persuasive, based on whether it is supported

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

1  and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*,

2  No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

3      These are the two most important factors in the ALJ's evaluation of medical

4  opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and

5  supporting explanations presented' and the 'more consistent' with evidence from other

6  sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No.

7  C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

8      1. <u>Dr. Lazio</u>

9      Dr. Lazio examined Plaintiff on May 29, 2018, approximately six weeks after

10 Plaintiff underwent surgery on his lumbar spine. AR 932-34. Dr. Lazio stated that

11 Plaintiff was not cleared to return to work at this time, but opined that he could likely

12 return to sedentary work in six to eight weeks. AR 934.

13     Dr. Lazio examined Plaintiff again on October 9, 2018, six months after Plaintiff's

14 lumbar spine surgery. AR 938-40. Dr. Lazio stated that overall Plaintiff's condition was

15 "significantly" improved, and opined that Plaintiff could perform sedentary work with

16 frequent breaks and the ability to change positions every one to two hours. *Id.* Dr. Lazio

17 added that Plaintiff could expect some muscle soreness and fatigue in his back with

18 activity. *Id.*

19     The ALJ found Dr. Lazio's May 29, 2018 opinion "partially persuasive", reasoning

20 that she was an examining source that was familiar with Plaintiff's condition and

21 rendered her opinion shortly after Plaintiff's surgery. AR 104. The ALJ found that while

22 Dr. Lazio's finding that Plaintiff was not cleared for work at this time was an appropriate

23 post-surgical precaution, it was not intended to last more than six to eight weeks. *Id.*

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1   The ALJ further found that Dr. Lazio's opinion that Plaintiff was restricted to sedentary

2   work was not a permanent or long-term limitation. *Id.*

3       The ALJ's reasoning is not supported by substantial evidence. The ALJ did not

4   evaluate Dr. Lazio's October 9, 2018 opinion, which takes into consideration Plaintiff's

5   significant post-surgical improvement, and indicates that while Plaintiff could return to

6   work, he would still be restricted to performing sedentary work with a range of other

7   limitations. AR 938-40.

8       2.   Dr. Weiss and Dr. Parker

9       Dr. Weiss examined Plaintiff twice for the Washington Department of Social and

10  Health Services ("DSHS").

11      Dr. Weiss first examined Plaintiff on April 5, 2017. AR 606-10, 639-43, 1010-14.

12  Dr. Weiss' evaluation consisted of a clinical interview and a mental status examination.

13  Based on the results of this evaluation, Dr. Weiss opined that Plaintiff would have a

14  range of mild, moderate and marked work-related mental limitations, and that his overall

15  degree of limitation would be moderate. AR 608, 641, 1012.

16      Dr. Weiss examined Plaintiff again on February 20, 2019, and again opined that

17  Plaintiff would have a range of mild, moderate and marked mental limitations. AR 1158-

18  61.

19      The ALJ found Dr. Weiss' opinions partially persuasive, reasoning that while the

20  mild and moderate limitations assessed by Dr. Weiss were consistent with the record

21  and Plaintiff's ability to engage in activities of daily living, the marked limitations

22  contained in his opinion appeared to be largely based upon Plaintiff's subjective self-

23  reports of symptoms, which were not wholly consistent with the record. AR 105.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

Dr. Weiss utilized objective measures such as clinical interviews and mental status examinations in forming his opinions, and there is no evidence that he relied largely on Plaintiff's self-reports. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report.").

Psychiatrist Dr. Parker examined Plaintiff on October 28, 2017. AR 849-52. Dr. Parker's evaluation consisted of a clinical interview and a mental status examination.

Based on this evaluation, Dr. Parker opined that Plaintiff could do simple and repetitive tasks with reasonable pace and accuracy and could manage normal levels of stress in the workplace, but that his workplace attendance would be limited because of his pain problems. AR 852.

The ALJ found Dr. Parker's opinion partially persuasive, utilizing the same reasoning she cited in evaluating Dr. Weiss' opinion, and for the same reasons discussed above, the ALJ's reasoning is not supported by substantial evidence. AR 106.

B. <u>Additional evidence</u>

The record contains evidence submitted by Plaintiff after the ALJ issued her decision. AR 13-88, 116-208. The Social Security Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not relate to the period at issue or show a reasonable probability of changing the outcome. AR 2.

The Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for

the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of treatment notes from 2019 indicating that Plaintiff had ongoing pain symptoms and began experiencing symptoms of chest tightness and shortness of breath, which were ultimately diagnosed as atrial fibrillation. AR 13-88, 116-208. The ALJ shall evaluate this evidence as appropriate on remand.

C. Other Issues

Plaintiff contends that the ALJ erred in evaluating his symptom testimony and in finding that he could perform his past work at step four of the sequential evaluation. Dkt. 23, pp. 4-7, 13-15.

Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the opinion and post-hearing evidence may impact her assessment of the remaining evidence, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony and the step four evaluation. Instead, the Court directs the ALJ to reweigh the evidence as necessary on remand.

Plaintiff filed a Notice of Supplemental Authority (Dkt. 37) consistent with LCR 7(n) bringing to the Court's attention the following authority issued after the date Plaintiff's last brief was filed: *Collins v. Yellen*, 594 U.S. __ (2021) and Memorandum Opinion for the Deputy Counsel to the President on the Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021).

1   Upon consideration of this authority, the Court finds that the authority would not affect

2   the disposition of this case.

3         D.  <u>Remand for Further Proceedings</u>

4         Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 23, p.

5   16. "'The decision whether to remand a case for additional evidence, or simply to award

6   benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682

7   (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

8   ALJ makes an error and the record is uncertain and ambiguous, the court should

9   remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

10  (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

11  the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

12  at 668.

13        The Ninth Circuit has developed a three-step analysis for determining when to

14  remand for a direct award of benefits. Such remand is generally proper only where

15      "(1) the record has been fully developed and further administrative
16      proceedings would serve no useful purpose; (2) the ALJ has failed to
        provide legally sufficient reasons for rejecting evidence, whether claimant
17      testimony or medical opinion; and (3) if the improperly discredited
        evidence were credited as true, the ALJ would be required to find the
18      claimant disabled on remand."

19  *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th

    Cir. 2014)).

20        Here, the ALJ must consider additional evidence and re-evaluate the medical

21  opinion evidence. However, there is also significant evidence consistent with the ALJ's

22  finding, and there remains serious doubt concerning whether Plaintiff would be disabled,

23  even if the improperly evaluated evidence were credited as true. *Garrison v. Colvin*, 759

24

25

1  F.3d 995, 1021 (9th Cir. 2014). Accordingly, remand for further administrative

2  proceedings is the appropriate remedy.

3  <u>CONCLUSION</u>

4      Based on the foregoing discussion, the Court finds the ALJ erred when he found

5  Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore

6  REVERSED and this matter is REMANDED for further administrative proceedings. The

7  ALJ is directed to conduct another hearing, take additional evidence as necessary,

8  evaluate the post-hearing evidence and re-assess the opinions of Dr. Lazio, Dr. Weiss,

9  and Dr. Parker.

10      Dated this 29th day of September, 2021.

11

12  *Theresa L. Fricke*

13  Theresa L. Fricke
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25